No. 3390. Ex PARTE LUMSDEN, Ex PARTE CORMACK, and Ex PARTE MILLS. These were three separate applications to

the Supreme Court for injunctions to restrain the supervisor
of registration for Richland County from turning over his
books and lists to the managers of election. The petitions
quoted at large from the registration law of this State, passed
first in 1882, and afterwards amended, particularly those por-
tions which provided, as alleged, that no one should register
except prior to the general election next succeeding the time at
which they were authorized to register; and that petitioners
could not now register because Lumsden was so entitled in
1882, but was prevented by absence on business; Cormack.
became so entitled in 1890 by removal into the State, but failed,
through ignorance of the law; and Mills became so entitled in
1890 by then arriving at the age of twenty-one, but failed
because of the crowd at the proper office when he presented
himself. None of them alleged any refusal of a demand by
them for permission to register at any subsequent time.

The court refused to issue a rule requiring the supervisor of
registration to show cause why an injunction should not issue,
by the following order of June 6, 1894,

PER CURIAM. Although rules to show cause are usually
granted as a matter of course, on application, in cases like
this, yet, as the court always requires, it is assumed that a
*prima facie* showing has been made in the petition, which enti-
tles the moving party, on his *ex parte* showing, to this prelimi-
nary order. We have looked carefully into the allegations of
the petitioner. Even admitting everything alleged by him, we
cannot see that such a *prima facie* case has been made out as to
entitle him to a rule. The relief asked for by him is not the
appropriate remedy for the grievance set out. The motion for
a rule to show cause is refused.

The court stated that this application was allowed yesterday
(Tuesday), instead of at the regular time for cases in the origi-
nal jurisdiction, as a mere matter of indulgence, and is not to
be taken as a precedent. *Obear & Douglass*, for petitioners.
The *attorney general*, contra.